## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

SCOTT BECKNELL and )
ANDREW LEGRAND, )
 )
      Plaintiffs, )
 )
v. ) Case No. CIV-13-193-FHS
 )
OK INDUSTRIES, INC. and )
J.B. HUNT TRANSPORT, INC., )
 )
      Defendants. )

**<u>FINDINGS AND RECOMMENDATION</u>**

This matter comes before this Court on the Motion of O.K. Industries, Inc. for Fed. R. Civ. P. Rule 11 Sanctions (Docket Entry #15); the Supplement to Motion for Sanctions and Objections to "Notice of Voluntary Dismissal" (Docket Entry #23); and the Motion to Strike of O.K. Industries, Inc. (Docket Entry #30). By Orders entered October 9, 2013 and April 29, 2014, United States District Judge Frank H. Seay, the judge presiding over this case, referred the subject Motions to the undersigned for the purpose of entering Findings and a Recommendation as to their final disposition. On October 17, 2013, this Court conducted a hearing with counsel present. Tanya Green appeared for Plaintiffs while Don Smith represented Defendant O.K. Industries, Inc. and Adam Montessi represented Defendant J.B. Hunt Transport, Inc.

On April 29, 2013, Plaintiffs brought this action against the Defendants named as "OK Industries, Inc." and "J.B. Hunt Transport, Inc." Plaintiffs alleged that they were employed by both Defendants

as drivers. Generally, Plaintiffs, both white males over the age of 40, contended Defendants discriminated against them on the basis of their sex, stating that they were treated less favorably than female drivers. They also alleged Defendants permitted a sexually hostile work environment and retaliated against them for opposing discriminatory employment practices.

Plaintiff also alleged Defendants discriminated against them based upon their age, providing better treatment to younger drivers. Again, Plaintiffs alleged Defendants created a work environment hostile to older workers and retaliated against Plaintiffs for opposing discriminatory employment practices. Both claims were brought under the auspices of Title VII of the Civil Rights Act of 1964.

O.K. Industries, Inc. (with the periods between the "O" and the "K") brings the Motion for Sanctions under Fed. R. Civ. P. 11(c)(2) against Ms. Green, contending she (1) failed to make reasonable inquiry into the identity of Plaintiff's employer, erroneously naming O.K.; and (2) filed the Complaint and made allegations against O.K. which were designed to harass and needlessly increase the cost of this litigation.

O.K Industries, Inc. contends it is an Arkansas corporation which has no relationship to the corporation of OK Industries, Inc. which is a dissolved Oklahoma corporation. O.K. Foods, Inc. is an Arkansas corporation authorized to do business in the State of Oklahoma while OK Foods, Inc. is under suspension by the Oklahoma

Tax Commission.

Plaintiffs filed EEOC charges of discrimination on April 30, 2012 alleging discrimination based upon sex, age, and failure to receive equal pay. Both Plaintiffs provided the name of "OK Industries, Inc." as their employer in their respective charges. Plaintiffs also filed this action against "OK Industries, Inc." O.K. Industries, Inc. provided documentation to the EEOC which indicated that it was not Plaintiffs' employer but rather that they were employed by J.B. Hunt.

Plaintiffs initiated this action against Defendants on April 29, 2013. Counsel for O.K. Industries, Inc. contacted - or attempted to contact and left a message for - Plaintiffs' counsel on July 16, 2013. Defendant's counsel advised Plaintiffs' counsel that his client was not Plaintiffs' employer and should be dismissed from the lawsuit. O.K. Industries, Inc.'s counsel advised that no specific acts of discrimination are alleged against his client or its employees. On August 1, 2013, Plaintiffs' counsel sent an e-mail to O.K Industries, Inc.'s counsel stating she had received "two unprofessional telephone messages" from him. She advised counsel that the case would not be dismissed "against OK Foods" because "[t]hey are equally culpable for the discrimination and have condoned it and continue to do so." Plaintiffs' counsel advised that he should file "whatever you believe is appropriate in Court and we can let the Judge decide."

Defendant contends Plaintiffs' counsel failed to make

3

reasonable inquiry into the identity of the proper defendant before filing this action. Specifically, Defendant asserts Plaintiffs' counsel (1) could have checked Plaintiffs' W-2 forms, employment contracts, or other documentation for the identity of their employer; (2) could have made inquiry to the Oklahoma Secretary of State to ascertain the appropriate naming of the corporation - "OK Industries, Inc." as opposed to "O.K. Industries, Inc." - and served the appropriate entity; (3) investigating the EEOC file to know J.B. Hunt employed Plaintiffs; and (4) at least determined from J.B. Hunt's Motion to Dismiss filed in this action that it was Plaintiffs' proper employer. Defendant's counsel also contends his letter to Plaintiffs' counsel should have alerted her to the impropriety of naming his client. Defendant contends his client has been harassed, humiliated, and incurred needless litigation costs in the defense of this action.

Plaintiffs' counsel states that she believed OK Industries, Inc. was Plaintiffs' employer because (1) the driver's manual provided to Plaintiffs' indicated it was from "OK Industries, Heavener, OK"; (2) Defendant raised no objection to the identity as Plaintiffs' employer at the EEOC level; (3) she made reasonable inquiry of the Oklahoma Secretary of State and believed "OK Industries, Inc." to be the proper entity to be sued; (4) evidence indicated OK Industries, Inc./OK Foods, Inc. were a joint employer of Plaintiffs with J.B. Hunt; (5) correspondence from counsel Paula Quillin and Millicent L. Hughes from June 1, 2012 indicated the

4

identity of the party was "OK Industries, Inc."; (6) the Employee Sign Off Sheet introduced at the hearing indicates employees were signing for a Dedicated Contract Services Manual for OK Industries and the J.B. Hunt Transport Services Inc. Driver's Manual; (7) the Equipment/Uniform Sign Off Sheet acknowledges receipt of equipment "for J.B. Hunt DCS drivers at OK Industries"; (8) the New Driver Training Checklist indicates it is for "J.B. Hunt Transport, Inc./OK Industries, Heavener, OK"; and (9) uniform patches worn by employees indicates "OK Foods, Operated by J.B. Hunt".

Additionally, Plaintiffs' counsel did not respond to the Motion for Sanctions within the time required by this Court's local rules. EDOK LCvR 7.1(f). Plaintiffs' counsel states that she believed a response was due on October 29, 2013 since the electronic docket entry indicated this response date. She fails to acknowledge that the entry for the Motion provided a response date to September 24, 2013 which had passed by the time the Supplement to the Motion was filed on October 15, 2013, the entry for which bears a response deadline of October 29, 2013. Consequently, Defendant filed a Motion to Strike the responses filed by Plaintiffs which were intended to include only a response to the reasonableness of the fees requested by Defendant's counsel but contained substantive arguments to the original Motion for Sanctions.

At the hearing, Plaintiffs' counsel agreed that the dismissal of this case – evidenced by the Notices filed on October 11, 2013 – could be made with prejudice to refiling. Defendants both

5

acknowledged that the dismissals were effective as against their clients.

Rule 11(a) of the Federal Rules of Civil Procedure requires a signature of an attorney or an unrepresented party, and other information, upon every pleading filed. By so signing, the attorney is certifying that: (1) the pleading is not being presented for an improper purpose; (2) the claims, defenses and other legal contentions in the pleading are warranted by existing law or by a nonfrivolous argument to alter existing law; (3) that the factual allegations and contentions have support in the evidence or likely to have support after further discovery; and (4) denials of factual contentions are warranted by the evidence or likely to do so after further discovery. Fed. R. Civ. P. 11(b). If a pleading does not meet this criteria, sanctions may be imposed upon the signatory to the pleading. Fed. R. Civ. P. 11(c).

An attorney's actions must be objectively reasonable to avoid Rule 11 sanctions. White v. General Motors Corporation, Inc., 908 F.2d 675, 680 (10th Cir. 1990) citing Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988). Rule 11 sanctions are intended to serve several functions, including "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." Eisenberg v. Univ. of New Mexico, 936 F.2d 1131, 1136 (10th Cir. 1991).

It cannot be disputed that Plaintiffs' counsel's actions

investigation of the appropriate parties to pursue in this lawsuit was wanting. She did not utilize the most obvious sources to ascertain the identity of Plaintiffs' employers - the employment documents provided to Plaintiffs. After being advised of problems with the appropriate party, counsel apparently did not attempt further investigation of Plaintiffs' employer. Certainly, the naming of "OK Industries, Inc." instead of "O.K. Industries, Inc." but serving "O.K. Industries, Inc." lack the precision which should be expected of a member of the profession. Indeed, counsel maintains O.K Industries, Inc. was Plaintiffs' "joint employer."

However, while counsel's conduct was worthy of condemnation, it does not rise to the level of abuse which would warrant sanctions. From several identified outward sources, Plaintiffs' counsel drew the conclusion that OK Industries, Inc. was an employer. Moreover, no evidence was presented to this Court which would indicate that Plaintiffs' counsel's actions were accomplished for the purpose of harassment or to purposely increase the cost of litigation. Additionally, this Court will not recommend that Plaintiffs' response be stricken as urged by Defendant for including her position which had been stated in the hearing. Plaintiffs' counsel's explanation for failing to respond to the Motion for Sanctions in a timely fashion demonstrated a lack of attention to the level of detail which is expected of counsel but, again, does not warrant sanctions. The sole sanction which this Court does recommend will be that this action be dismissed with prejudice to

refiling to prevent further naming of these party Defendants associated with these events. Counsel should be forewarned, however, that this dilatory conduct will not be tolerated in the future. She has received her one pass. BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that the Motion of O.K. Industries, Inc. for Fed. R. Civ. P. Rule 11 Sanctions (Docket Entry #15); the Supplement to Motion for Sanctions and Objections to "Notice of Voluntary Dismissal" (Docket Entry #23); and the Motion to Strike of O.K. Industries, Inc. (Docket Entry #30) be **DENIED** as filed. However, this Court further recommends that this action be **DISMISSED WITH PREJUDICE** to refiling.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ENTERED this 9th day of June, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE